IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ALISON SAPP WHITE,**

    **Plaintiff,**

vs.                                                        CASE NO. 3:10-cv-102/RS-EMT

**BREG, INC., a Delaware Corporation,**
**I-FLOW CORPORATION, a Delaware**
**Corporation,**

    **Defendants.**
_____/

## **ORDER**

Before me are Defendant BREG's Motion to Dismiss (Doc. 13) and Plaintiff's Response (Doc. 17).

### **I. Standard of Review**

To survive a motion to dismiss, a complaint must contain sufficient facts, which accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955, 1974 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). In making this determination, the court must accept all factual allegations in the complaint as true and in the light most favorable to Plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

## II. Background

In April and June 2006, Plaintiff underwent two arthroscopic shoulder surgeries in Pensacola, Florida. Plaintiff alleges that two pain pumps, one for each surgery, were improperly used and resulted in damage to Plaintiff's shoulder. Plaintiff has not specifically identified the manufacturer(s) of the pain pumps used in connection with the two surgeries. However, Plaintiff contends that the pain pumps were manufactured by at least one, if not both, of the Defendants.[1] In other words, there are three possibilities: (1) that Defendant BREG manufactured none of pain pumps at issue but rather Defendant I-FLOW manufactured both; (2) that Defendant BREG manufactured one pain pump and Defendant I-FLOW manufactured one pain pump; or (3) that Defendant BREG manufactured both pain pumps.

## III. Analysis

The main thrust of Defendant BREG's argument is that Plaintiff's claim for relief should not allowed because Plaintiff failed to specifically identify the manufacturer(s) of the two pain pumps. Defendant BREG likens this to a "shotgun" approach to pleading that is forbidden by the Federal Rules of Civil Procedure.

Of the several pain pump manufacturers, Plaintiff has narrowed this case down to two. This is not an example of casting an impermissibly wide net to catch the unsuspecting offender. Rather, Plaintiff has shown that as between two defendants, it is plausible that Defendant BREG is liable for the harm that was suffered. *See, e.g.,*

---

[1] In the Amended Complaint, Plaintiff uses the singular term "Defendants" in the factual allegations and does not distinguish between the two named Defendants. Defendant BREG correctly points out that both Defendants could not have been the manufacturer of each pain pump in question as both Defendant BREG and Defendant I-FLOW are separate entities.

*Jozwiak v. Stryker Corp.*, 2010 U.S. Dist. LEXIS 17221 (M.D. Fla. 2010) (finding plausible a claim for pain pump related injury where plaintiff named multiple defendants but did not specifically identify the pain pump manufacturer). Defendant BREG has thus received the required fair notice of Plaintiff's claim and the grounds upon which it rests. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007).

Ultimately, to sustain a claim for strict products liability and negligence, Plaintiff will have to demonstrate that Defendant BREG manufactured at least one of the pain pumps in question. This is a burden that must be carried in later stages of this case as the Federal Rules of Civil Procedure rely on discovery and summary judgment, rather than pleadings, to flesh out the disputed facts and cull unmeritorious cases.

Defendant's Motion to Dismiss (Doc. 13) is **denied.**

**ORDERED** on September 20, 2010

        /S/ Richard Smoak
        **RICHARD SMOAK**
        **UNITED STATES DISTRICT JUDGE**