IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ALISON SAPP WHITE,**

    **Plaintiff,**

vs.                                                     **CASE NO. 3:10-cv-102/RS-EMT**

**BREG, INC., a Delaware Corporation,**
**I-FLOW CORPORATION, a Delaware**
**Corporation,**

    **Defendants.**
_____/

## **ORDER**

Before me are Defendant I-FLOW's Motion to Dismiss (Doc. 16) and Plaintiff's Response (Doc. 18).

### **I. Standard of Review**

To survive a motion to dismiss, a complaint must contain sufficient facts, which accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955, 1974 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). In making this determination, the court must accept all factual allegations in the complaint as true and in the light most favorable to Plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

## II. Background

In April and June 2006, Plaintiff underwent two arthroscopic shoulder surgeries in Pensacola, Florida. Plaintiff alleges that two pain pumps, one for each surgery, were improperly used and resulted in damage to Plaintiff's shoulder. Plaintiff has not specifically identified the manufacturer(s) of the pain pumps used in connection with the two surgeries. However, Plaintiff contends that the pain pumps were manufactured by at least one, if not both, of the Defendants.[1] In other words, there are three possibilities: (1) that Defendant I-FLOW manufactured none of pain pumps at issue but rather Defendant BREG manufactured both; (2) that Defendant I-FLOW manufactured one pain pump and Defendant BREG manufactured one pain pump; or (3) that Defendant I-FLOW manufactured both pain pumps.

## III. Analysis

Defendant I-FLOW argues that Plaintiff's claim for relief should not be allowed because 1) they are barred by the statute of limitations and 2) Plaintiff failed to specifically identify the manufacturer(s) of the two pain pumps.

**A.** Statute of Limitations

Actions founded in negligence and strict products liability must be brought within four years of the date on which the cause of action accrued. FLA. STAT. § 95.11 (3) (a) & (e). For negligence actions, the cause of action "accrues when the last element

---

[1] In the Amended Complaint, Plaintiff uses the singular term "Defendants" in the factual allegations and does not distinguish between the two named Defendants. Defendant I-FLOW correctly points out that only a single pump could be used for each surgery.

constituting the cause of action occurs." FLA. STAT. § 95.031 (1). In a negligence action the last element occurs, when the plaintiff knew, or through the exercise of due diligence should have known, of the invasion of his or her legal rights. *D.B. v. CCH-GP, Inc.,* 664 So. 2d 1094, 1095 (Fla. Dist. Ct. App. 2d Dist. 1995).

For strict products liability, the statute commences to run from the time "the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence." FLA. STAT. § 95.031 (2) (b). To commence the limitation, the plaintiff need only become aware, or through due diligence should become aware, of the "possible invasion" of his or her legal rights. *Bowers v. Northern Telecom*, 1995 U.S. Dist. LEXIS 20141, 3-4 (N.D. Fla. 1995) (citing *University of Miami v. Bogorff*, 583 So. 2d 1000, 1004 (Fla. 1991)). Florida courts have looked to three factors in determining when the limitation period begins to run: (1) the plaintiff's awareness of a serious physical injury, (2) the plaintiff's knowledge of exposure to the defendant's product, and (3) the plaintiff's knowledge, constructive or otherwise, of a possible causal link between the defendant's product and the injury. *Id*. (*citing Babush v. American Home Products Corp.*, 589 So. 2d 1379, 1381 (Fla. Dist. Ct. App. 4th Dist. 1991)).

Here, it is plausible that the injury to Plaintiff was sustained on or about June 6, 2006 following the second surgery. Defendant I-FLOW first received notice of Plaintiff's action on July 27, 2010 with the filing of the First Amended Complaint (Doc. 3)--four years and fifty-one days after the surgery. Under both negligence and strict products liability, Plaintiff's injury did not accrue on the very date of surgery as Plaintiff could not have discovered the injury immediately following the procedure. Rather,

Plaintiff needed sufficient time to discern between symptoms of normal recovery and abnormal injury, and to determine the cause of such injury. Without having to decide whether Plaintiff's Amended Complaint relates back to Plaintiff's original filing, and in the light most favorable to the Plaintiff, fifty-one days to make the assessments is within the due diligence timeframe contemplated by the law.

**B.** Identification of Manufacturer

Of the several pain pump manufacturers, Plaintiff has narrowed this case down to two. This is not an example of casting an impermissibly wide net to catch the unsuspecting offender. Rather, Plaintiff has shown that as between two defendants, it is plausible that Defendant I-FLOW is liable for the harm that was suffered. *See, e.g., Jozwiak v. Stryker Corp.*, 2010 U.S. Dist. LEXIS 17221 (M.D. Fla. 2010) (finding plausible a claim for pain pump related injury where plaintiff named multiple defendants but did not specifically identify the pain pump manufacturer). Defendant I-FLOW has thus received the required fair notice of Plaintiff's claim and the grounds upon which it rests. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007).

Ultimately, to sustain a claim for strict products liability and negligence, Plaintiff will have to demonstrate that Defendant I-FLOW manufactured at least one of the pain pumps in question. This is a burden that must be carried in later stages of this case as the Federal Rules of Civil Procedure rely on discovery and summary judgment, rather than pleadings, to flesh out the disputed facts and cull unmeritorious cases.

Defendant's Motion to Dismiss (Doc. 16) is **denied.**

**ORDERED** on September 21, 2010

/S/ Richard Smoak
**RICHARD SMOAK
UNITED STATES DISTRICT JUDGE**