IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ALISON SAPP WHITE,**

    **Plaintiff,**

vs.                                                                       CASE NO. 3:10-cv-102/RS-EMT

**BREG, INC., a Delaware Corporation,**

    **Defendant.**
_____/

## ORDER

Plaintiff's First Amended Complaint (Doc. 3) alleges that jurisdiction is supported by 28 U.S.C. § 1332, diversity of citizenship between the parties. Proper jurisdiction is a prerequisite to the judicial resolution of claims. *Ex parte McCardle*, 74 U.S. 506, 514 (1869).

The Medical Devise Amendments of 1976 ("MDA"), 21 U.S.C. § 360(c), et. seq., to the Food, Drug and Cosmetic Act, 21 U.S.C. § 301, et. seq., preempt certain state law claims. 21 U.S.C.S. § 360k(a) reads as follows:

> [N]o State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement--
>   (1) which is different from, or in addition to, any requirement applicable under this Act to the device, and
>   (2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this Act.

A recent case in the Eleventh Circuit, *Wolicki-Gables v. Arrow Int'l, Inc.*, 634 F.3d 1296 (11th Cir. 2011), found that the MDA preempted certain state law claims against a pain pump manufacturer.  Specifically, claims under Florida law for "strict liability for manufacturing and design defect and failure to warn, and . . . negligent design, manufacture, and assembly" were preempted.  *Id*.  Here, the Amended Complaint alleges two causes of action related to the pain pump in question -- strict products liability and negligence (Doc. 3, p. 7-8).

Neither party has addressed this critical issue of federal preemption.  Because federal preemption, if applicable, would eliminate this court's jurisdiction to hear these state law claims, this issue must be resolved before a ruling on the Motion for Summary Judgment (Doc. 53).

**IT IS ORDERED** that the Defendant shall file a memorandum addressing MDA preemption as it relates to the facts and allegations of this case not later than May 13, 2011.  Plaintiff shall file a response not later than May 23, 2011.

**ORDERED** on May 4, 2011.

                                            /S/ Richard Smoak
                                            **RICHARD SMOAK**
                                            **UNITED STATES DISTRICT JUDGE**